CAIRO AND VINCENNES RAILROAD COMPANY

*v.*

FREDERICK DODGE *et al.*

1. PLEADING—*a plea which sets up something to be done under a contract should set out the contract.* A plea setting up a partial failure of the consideration of a note, by reason of the non-performance of an agreement by the plaintiff to pay all persons who had done work, furnished materials or rendered services, etc., under a certain contract in the agreement mentioned, without setting out the contract referred to in the plea as mentioned in the agreement, is defective.

2. SAME—*should state facts, and not conclusions.* A plea, that the defendant assumed and became liable for the payment of certain claims against the plaintiff, whereby the plaintiff was released from their payment, without stating in what manner the defendant became liable, or how the plaintiff became released from their payment, is defective.

3. SAME—*set-off—money assumed to be paid, not the subject of plea.* There is no sanction for a plea of set-off, or an *indebitatus* count for money assumed to be paid, or for money paid and assumed to be paid.

4. A plea of set-off for money paid and assumed to be paid, in pursuance of a certain agreement, should set out what the agreement was, in the respect referred to, and if it fails to do so, it is defective in that respect.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, and Mr. GREEN B. RAUM, for the appellant.

Mr. SAMUEL P. WHEELER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a promissory note, wherein, upon trial under the plea of the general issue, judgment was recovered against the defendant for $16,880, from which defendant took an appeal.

The error assigned is the sustaining of demurrers to the 2d, 3d, 4th, 5th and 6th pleas.

The pleas, with the exception of the 4th, so far as respects the question of their sufficiency, are substantially alike, and the 6th one, which is the most concise, will show their nature, and is as follows:

"6th plea. And for further plea in this behalf, the said defendant says *actio non*, because, he says, the consideration for which said promissory note was given has partially failed, and that said promissory note is the sole cause of action of each of said counts; that the only consideration for which said promissory note was given was the execution and delivery by plaintiffs to defendant of a certain agreement in writing. And by the said agreement in writing, the said plaintiffs agreed with the defendant, among other things, to pay all persons who had, before that time, done work, furnished materials, or rendered services of any kind connected with the Cairo and Vincennes railroad, under a certain contract in said agreement mentioned, or by any arrangement with said plaintiffs; and the defendant avers that certain persons did work under said contract amounting to a large sum of money, to-wit: $10,000; and furnished materials under said contract amounting to a large sum of money, to-wit: $5000; which said sums of money said plaintiffs were legally bound to pay by the agreement aforesaid, but which sums of money defendant, in fact, says the said plaintiffs wholly refused to pay, though often requested so to do, whereby said defendant was greatly annoyed, harrassed and inconvenienced, and thereupon the said defendant assumed the payment of the said several sums of money so alleged to be due for work done under said contract, and materials furnished under said contract, and thereby, then and there, released the said plaintiffs from the payment of the said several sums of money, and became, and was, at and before the commencement of this suit, liable and legally bound for the payment of said large sums of money, to-wit: $15,000. Wherefore, defendant says, the consideration of the said promissory note in said declaration mentioned, to the extent of the sum of $15,000, has failed."

This plea is specially defective, in not setting out the *contract* named in the plea as mentioned in the written agreement therein described, so that it might appear what manner of contract it was, who the parties to it were, and who, under its terms, was liable for the work and materials done and furnished under it. Other pleas do set out that contract, whereby it appears to have been one made by the plaintiffs, as contractors, with the defendant, for the construction of the Cairo and Vincennes railroad by the plaintiffs for the defendant; and the pleas further aver that, by the written agreement described, said contract for the construction of the road was to be canceled, and that all obligations of either party thereunder should cease and determine from the 17th of January, 1872, the date of the written agreement.

All the pleas seek, evidently, to set up the same matter of defense, but in varying forms. Had the 6th plea set out the contract therein named, as it should have done, it would have appeared, doubtless, to be the one described in the other pleas.

This agreement set up in the pleas is one of indemnity to the railroad company, against claims for work and materials done and furnished for the construction of the railroad, which claims had been incurred by the plaintiffs as railroad contractors, under their contract for the construction of the road. It was an agreement by the plaintiffs to pay their own liabilities, as contractors, for work done on the road.

In order to a cause of action under such an agreement, the defendant must have suffered injury by reason of the plaintiffs' non-payment of the claims; it must have paid the claims, in whole or in part; it is not sufficient that it assumes and becomes liable for their payment, at least unless it was by the giving of negotiable paper, which, by some authorities, has been held equivalent to payment.

But the averment here is general, that the defendant assumed and became liable for the payment of the claims, whereby the plaintiffs were released from their payment, without stating in what manner the defendant became liable for, or how the plaintiffs became released from their payment. The mode and

manner of the alleged assumption, and liability and release, should have been shown, so that the court might see whether the defendant had made a valid assumption of, and became liable for, the claims, and that plaintiffs had become released.

The pleas are defective in this respect; in stating conclusions, and not averring facts.

There is a want of requisite certainty in the specification of these claims, as to their character, amount, and to whom due.

The 4th plea is one of set-off, of an indebtedness of $20,000, "for so much money paid and assumed to be paid by the defendant, for and at the request of the plaintiffs, under and in pursuance of a certain agreement between plaintiffs and defendant, before that time entered into, by which payment and assumption of payment by defendant the plaintiffs were released and discharged from the payment of the said $20,000 before that time due and owing by the plaintiffs."

Had the subject of the plea been simply for money paid by defendant for the plaintiffs, at their request, the plea would have conformed to precedent. But we know of no sanction for a plea of set-off, or an *indebitatus* count, for money *assumed to be paid*, or for money paid and assumed to be paid. In its reference to a certain agreement, the plea is defective in not setting out what it was in the respect referred to.

We find no error in sustaining the demurrers to the pleas.

*Judgment affirmed.*