JAMES SCOTT v. PAYNE BROTHERS, INCORPORATED.

Submitted December 4, 1913—Decided February 24, 1914.

1. A petitioner under the Workmen's Compensation act was employed for an indefinite period at $5 per day to work on a contract for the erection of a structural steel building. *Held*, that it was not a casual employment.
2. A petitioner under the Workmen's Compensation act was with two others pulling on a hand chain connected with a block operating a mechanism which caused a lifting chain to pass through the block and lift a steel girder; the lifting chain became clogged and, being forced through, split the block; petitioner was struck and injured. *Held*, that the injury was due to accident arising out of and in the course of his employment.
3. The disobedience by fellow workmen of orders is as much one of the risks of a man's employment as a defect in the mechanical appliances.
4. Where employer and employe assent, whether expressly or by implication of the statute, to the Workmen's Compensation act, they assent to the whole scheme of the act, a part of which is that the decision of the trial judge as to all questions of fact shall be conclusive and binding, and this court will not review his finding as to the duration of disability where the evidence permits it.

On *certiorari* to the Essex Pleas.

Under the Workmen's Compensation act of 1911 the petitioner was employed for an indefinite period at $5 per day to work on a contract for the erection of a structural steel building. He had been working a week when the injury happened. "Scott, with two others, were pulling on a hand chain connected with a block for the purpose of operating a mechanism which caused a lifting chain to pass through the block and lift a steel girder. In some way the lifting chain became clogged, probably by the turning or twisting of one of the links, and by being forced through the block it split the block, and Scott, who was sitting with his face within a few inches of the side of the steel block, was struck on the forehead and received a laceration." The statement is quoted from defendant's brief.

Before Justices SWAYZE and BERGEN.

For the petitioner, *Thomas Brown*.

For the defendant, *Frank E. Bradner*.

The opinion of the court was delivered by

SWAYZE, J. This was not a case of casual employment. The petitioner was employed in the regular business of the defendant, and likely to be retained for some time, and as long as the work remained unfinished. It was not a mere temporary, accidental employment.

The injury was due to an accident arising out of and in the course of his employment. That employment was as a structural steel worker upon the building in course of erection; the lifting of the steel girder was a necessary part of the work; the defendant was liable to be called on, as he was, to assist. The suggestion to the contrary is that the men who were pulling continued to do so, although the foreman told them to stop; and the argument is that this disobedience of orders involves the conclusion that what followed was not in the course of the employment. Scott says he did not hear the order to stop, and the judge so found. The case therefore does not involve an accident happening to a petitioner by reason of his own disobedience. We see no reason to doubt that a disobedience of orders by his fellow-workmen is as much one of the risks of the employment as a defect in the appliances. The accident, whether due to one cause or the other, was one of the risks which might have been contemplated by a reasonable person as incidental to the employment; it occurred while Scott was doing what he might reasonably do at that time and place. *Bryant* v. *Fissel*, 55 *Vroom* 72. We cannot accede to the suggestion of the defendant that disobedience of a specific order to stop work ends the employment for the time being. The man does not cease to be an employe because at certain instants of time he is not actually engaged in work. Employment within the meaning

of the statute refers rather to the contract than to the labor done in pursuance of the contract.

We find no legal error in the conclusion of the trial judge as to the measure of damage. The medical evidence was conflicting and that for the defendant is quite persuasive, but the judge had the right to attribute greater weight to the evidence for the plaintiff. We cannot reverse merely because we might take a different view. The Workmen's Compensation act, section 2, placitum 18, is a later enactment than the provision of section 11 of the *Certiorari* act, to which the prosecutor appeals, and while we cannot be deprived of our right to inquire into questions of fact where necessary to the exercise of our jurisdiction by *certiorari* over inferior tribunals (*Lighthipe* v. *Orange,* 46 *Vroom* 365, 368), the present case is rather one where the writ of *certiorari* is in effect a writ of error. The Workmen's Compensation act provides, in section 2, an elective scheme to which neither employer nor employe are obliged to assent. If they do assent, whether expressly or by the implication of the statute, they assent to the whole scheme; a part of that scheme is that the decision of the trial judge as to all questions of fact shall be conclusive and binding; in effect the agreement is that the compensation shall be such as the trial judge shall determine, subject to the review by this court of questions of law. The evidence permitted the finding that the injury would last for one hundred and four weeks. We find no legal error in this.

The objections to the petition, and the form of the findings, are technical. If the defendant was harmed by the allegation of negligence in the petition, that might be stricken out as surplusage. We think there is a sufficient finding that Scott's disability was the result of the injury received in the employ of the defendant. The court found that the petitioner was injured by an accident arising out of and in the course of his employment, and that he is still suffering from the effects of the injuries received.

The judgment is affirmed, with costs.