## KATIE B. HOPKINS *vs.* MOSES ERSKINE.

### Lincoln.   Opinion October 7, 1919.

*Rule as to demurrer admitting conclusions of law.   Recovery of interest where the principle sum or debt has already been paid.   How interest is regarded.*

Action for the recovery of interest on money of plaintiff delivered by her to defendant; a part of the principal sum was disbursed by defendant for the benefit of plaintiff; the balance was paid by him to plaintiff's guardian before action brought.   A promise is not expressly alleged in the declaration, nor is it alleged that defendant received interest on plaintiff's money in his hands.

*Held:*

The allegations of defendant's liability are allegations of law, not of fact.   They are the pleader's inferences of law from the facts previously stated.   The demurrer does not admit mere statements of conclusions of law from the facts averred.

The plaintiff alleges that defendant "assumed to be the guardian of said plaintiff, and held possession of her said money in his said assumed capacity"; it is not alleged that the defendant was not the legally appointed guardian of plaintiff. Construing the above allegation to mean that the defendant undertook to act as legal guardian of the plaintiff, the action is not maintainable, because an action of indebitatus assumpsit cannot be maintained before the guardian's accounts are settled in Probate Court.

Nor can the action be maintained upon the view that the pleader used the word "assumed" in its secondary meaning "to pretend", upon this view interest would only be recoverable as damages for detention of the money, and where so recoverable, an action to recover it cannot be maintained after payment of the principal.

Interest is regarded as incidental to the principal debt and not as a part of it, and an action cannot be maintained to recover it after payment of the principal, unless there is an express contract to pay interest.

Action of assumpsit with allegations setting forth defendant's liability for interest on money advanced by plaintiff to defendant and held by said defendant for several years claiming to be the guardian of plaintiff.   An amended declaration was filed and allowed by agreement.   A demurrer to said amended declaration was filed and sustained by the court.   To which ruling the plaintiff filed exceptions. Exceptions overruled.

Case stated in opinion.
*George A. Cowan,* for plaintiff.
*Harold R. Smith,* for defendant.

SITTING:  CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

MORRILL, J.  The plaintiff has exceptions to a ruling of the Justice presiding at nisi prius sustaining a general demurrer to the declaration.

The action is for the recovery of interest on money of plaintiff delivered by her to defendant; a part of the principal sum was disbursed by defendant for the benefit of plaintiff, and the balance was paid by him to plaintiff's guardian before action brought.

A promise is not expressly alleged in the declaration, nor is it alleged that defendant received interest on plaintiff's money in his hands; the plaintiff, however, alleges "that by virtue of his assuming to be the guardian of the plaintiff, the defendant became liable to account to the plaintiff for all interest on said money, during such time as the whole was held by him, and on all balances to the fifth day of January, 1918, or in an amount equal to a fair rate of interest thereon."  But this is an allegation of law, not of fact.  It is the pleader's inference of law from the facts previously stated; the demurrer does not admit a mere statement of a conclusion of law from the facts averred.  *Bean* v. *Ayers,* 67 Maine, 482, 488.  So with the final statement, "and plaintiff avers that there was due her in interest on said sum and balances as above mentioned, on the fifth day of January 1918, the sum of $162, which by virtue of the defendant's assuming to be the guardian of the plaintiff, he became liable to pay to the plaintiff on demand."  This likewise, is a statement of a conclusion of law, not admitted by the demurrer.

It is clear that defendant's liability, if any, must rest upon the allegation that he "assumed to be the guardian of said plaintiff, and held possession of her said money in his said assumed capacity."  The meaning of the verb "assume", both in legal parlance and common speech is "to undertake", it is derived from the same root as the word which designates the form of action based upon a promise.  In the absence of any allegation that defendant was not the legally appointed guardian of plaintiff, we must understand the above allegation to

mean that the defendant undertook to act as legal guardian of the plaintiff. Upon this construction, the action is not maintainable, because an action of indebitatus assumpsit cannot be maintained before the guardian's accounts are settled in Probate Court. *Thorndike v. Hinckley* 155 Mass. 263.

We apprehend that the pleader may have used the word "assume" in its secondary meaning, "to pretend", although a wrongful intent is not alleged. Upon this view interest would only be recoverable as damages for detention of the money, and when so recoverable an action to recover it cannot be maintained, after payment of the principal. *American Bible Society v. Wells*, 68 Maine 572. Interest is regarded as incidental to the principal debt and not as a part of it, and an action cannot be maintained to recover it after payment of the principal, unless there is an express contract to pay interest. *Howe v. Bradley*, 19 Maine, 31, 35. *Milliken* v. *Southgate*, 26 Maine, 427. *Robbins Cordage Co.* v. *Brewer*, 48 Maine, 481, 485. But a promise is not alleged nor does the declaration contain averments which are fully tantamount to the allegation of an express promise. 1 Chitty Pl. *308, 16th, Amer. Ed., 392-4.

Whether the conduct of the defendant towards the plaintiff has been such that he may be held to account in equity (Story's Eq. Jur., Sec. 511. *Sherman* v. *Ballou*, 8 Cow., 304. *Davis* v. *Harkness*, 6 Illinois, 173. *Chaney* v. *Smallwood*, 1 Gill, 367) is not before us.

*Exceptions overruled.*