## NISSEN TRANSFER AND STORAGE COMPANY v. MILLER.

### [No. 10,622.   Filed January 16, 1920.]

1. MASTER AND SERVANT.—*Creation of Relation.—Workmen's Compensation Act.*—For the purposes of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), the relation of the employer and employe is created in every instance by contract, either express or implied.  p. 264.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Contract of Employment.—Presumption.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), where there is no evidence of a written contract of employment, it will be presumed that the contract, if expressed, was oral.  p. 265.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings.—Sufficiency of Evidence to Sustain.*—In a proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), to recover for the death of one engaged in assisting in conducting a transfer and storage business, evidence *held* sufficient to warrant the Industrial Board's conclusion that deceased was an employe, and not a partner in the business nor an independent contractor.  p. 265.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Margaret Miller against the Nissen Transfer and Storage Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson* and *Everett W. Trook,* for appellant.

*James L. Mitchell,* for appellee.

STATEMENT BY DAUSMAN, J.—The appellee is the widow of Henry Alfred Miller, deceased. She filed her application for an award of compensation on the ground that her husband, while in the employ of appellant, received an injury by accident arising out of and in the course of his employment, which injury resulted in his death. The Industrial Board, by all its members, awarded her compensation at the rate of eleven dollars per week. Appellant contends that at the time of receiving the fatal injury Henry Alfred Miller was not an employe of appellant, but that he was either a partner or an independent contractor. This contention presents the main controversy.

There is little, if any, dispute as to the following statement of facts: For a considerable length of time Niels A. Nissen has been engaged in the storage and transfer business in the city of Indianapolis. He conducts the business in the name of the "Nissen Transfer & Storage Company." He owns a warehouse, barn or stable, horses, harness and wagons. The business consists mostly in moving or storing household goods—sometimes both moving and storing them. He had several men with him who assisted in carrying on the business. One of these men was Henry Alfred Miller. He drove one of Nissen's teams

for years. In the latter part of June, 1918, he was loading furniture into a car when a heavy crated piece fell against him, inflicting the injuries from which he died.

Miller was not paid by the hour, day or week. His compensation was not fixed on the basis of time, but was measured by the amount he brought in. Nissen furnished the stable, the horses, the feed, the wagons, and paid for repairs. Miller went each morning to the stable for the team. Usually he would go to his stand at draymen's headquarters on East Washington street and would do whatever work he could get to do. If Nissen took orders for work, he directed Miller to attend to it. Miller employed such helpers as he needed from time to time and paid them out of the moneys he collected from the customers. Each evening he accounted to Nissen for the day's business, and the net earnings were divided equally between the two. The net earnings were determined by deducting from the total receipts the amount Miller paid for helpers. Miller had some furniture tools. Nissen had several other men driving his teams on the same plan. He carried workmen's compensation insurance on the men.

We glean the following from Mr. Nissen's testimony: "I am the sole owner of the business. I run it under the name of the Nissen Transfer & Storage Co. At times I employ a number of men. Miller drove one of my teams for years. He was not really employed, so to say. Q. He was not employed by you at all? Ans. Well, not so to say. Q. You say he didn't work for you, was not employed by you? Ans. He didnt' work for me on a salary, so to say. Q. How many men have charge of your teams now? Ans.

Two. Q. But you do not consider them your employes? Ans. Not exactly. Q. You took contracts to do hauling and transfer work?" Ans. Yes. Q. And directed Miller where to go with this team and what hauling to do? Ans. Yes, sir. Q. And the arrangement was that he was to be paid a commission instead of a straight weekly salary? Ans. Yes, sir."

On July 9, 1918, Nissen reported to the Industrial Board that Miller was injured June 24 and died July 8, and that he had been working for Nissen on a commission basis.

"Q. You understood all the facts then as well as you do now, didn't you? Ans. Yes, sir. Q. You testified at the coroner's inquest, didn't you? Ans. Yes, sir. Q. That is your signature, is it not? (Shown paper.) Ans. Yes, sir. Q. 'On June 24, 1918, was Alfred Miller employed by you? Ans. Yes, sir.' Did you so testify before the coroner? Ans. Yes, sir. Q. How is it you tell the court now you didn't employ him? Ans. Well, I didn't exactly say I didn't employ him. He was working for me. Q. Did you report the matter of his injury and death to the Western Indemnity Company. Ans. Yes, sir.

"Q. If you did not consider him an employe of yours, how did you happen to report it? (Witness does not answer.)"

The only other contention is that the rate of compensation is excessive.

DAUSMAN, J., delivered the opinion of the court:

For the purposes of the Workmen's Compensation Act the relation of employer and employe is created in every instance by contract, either express

1.  or implied. *Rogers* v. *Rogers* (1919), 70 Ind. App. 659, 122 N. E. 778; *Rongo* v. *R. Wadding-*

*ton & Sons* (1915), 87 N. J. Law 395, 94 Atl. 408; *Kirkpatrick* v. *Industrial Acc. Com.* (1916), 31 Cal. App. 668, 161 Pac. 274.

In all probability the relation between Nissen and Miller was created by an express contract; for it is incredible that they would have adopted the plan disclosed by the evidence without a clear and definite agreement. There being no evidence of a written contract, the presumption prevails that the contract, if expressed, was oral. If the exact conversation which took place between the two men at the very inception of that relationship had been proved, it would have been helpful to the board in determining the merits of the controversy. In the absence of any testimony on that feature, the board had to determine what relation the two men sustained to each other wholly from their conduct and from all the circumstances disclosed by the evidence. The board reached a legitimate conclusion, and this court will not disturb it.

In fixing the rate of compensation, the board has kept within the evidence.

The award is affirmed; and by virtue of the statute the amount thereof is hereby increased five per cent.