## HADLEY v. ROGERS ET AL.

[No. 11,253. Filed December 21, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Award of Compensation.—Evidence.—Sufficiency.*—Where the owner of a threshing outfit and another entered into an oral contract whereby the owner undertook to furnish the threshing outfit, oil and to keep up repairs, and the other party undertook to furnish all labor, make contracts for jobs and collect the pay for threshing, the gross income to be divided equally, evidence *held* to warrant the inference that a workman, who was injured in the work, was an employe of both parties to the contract, so as to sustain an award of compensation against them.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Sylvin Rogers against James Hadley and Samuel W. Roe. From an award for applicant, the first-named defendant appeals. *Affirmed.*

*John Rynerson* and *George W. Long,* for appellant.
*Silas A. Hays* and *Mat J. Murphy,* for appellees.

DAUSMAN, C. J.—The undisputed evidential facts involved in the controversy here presented are as follows:

In the summer of 1920, James A. Hadley was about seventy-four years of age. He resided on a farm in Hendricks county, near North Salem. Samuel Roe resided about three miles from the Hadley home. Hadley owned two threshing outfits. He did not want to engage actively in the work of threshing that year on account of his age. Hadley and Roe entered into an oral

contract, by the terms of which Hadley undertook to furnish a threshing outfit, furnish the oil to be used in the operation of the outfit, and to keep up repairs; Roe undertook to furnish all the labor, to make contracts for the jobs, and to collect the pay for threshing; and the gross income was to be divided equally between Hadley and Roe. After making that contract Hadley took out insurance in his own name for the protection of the workmen against injuries by accident; and after the accident to Rogers, Hadley again took out insurance in the name of Hadley and Roe for the same purpose. Roe employed laborers to assist in the operation of the outfit, of whom Rogers was one, and proceeded with the work of threshing. On three different occasions while threshing was in progress, Hadley visited Roe. On these occasions Hadley oiled the machinery and looked after the mechanical features. On one occasion the stacker broke and Hadley took the stacker to North Salem, had it mended, and brought it back to the machine. Roe collected the pay for threshing, and the two men settled their accounts and divided the gross income according to their agreement. While Rogers was engaged in said employment he received an injury by accident arising out of the employment.

On the foregoing facts, the Industrial Board found that Rogers was an employe of Hadley and Roe, and awarded compensation accordingly. The only contention presented is that Rogers was not an employe of Hadley and Roe, but was an employe of Roe individually.

The finding that Rogers was an employe of Hadley and Roe is a legitimate conclusion to be drawn from the evidence. 30 Cyc 402 et seq.; Columbia School Supply Co. v. Lewis (1917), 63 Ind. App. 386, 65 Ind. App. 339, 115 N. E. 103, 116 N. E. 1; Zeitlow v. Smock (1917), 65 Ind. App. 643, 117 N. E. 665; Sugar Valley Coal Co. v. Drake (1917), 66 Ind. App. 152, 117 N. E.

937; *Mobley* v. *Rogers Co.* (1918), 68 Ind. App. 308, 119 N. E. 477; *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; *Nissen Transfer, etc., Co.* v. *Miller* (1920), 72 Ind. App. 261, 125 N. E. 652; *Coppes Bros. & Zook* v. *Pontius* (1921), 76 Ind. App. 298, 131 N. E. 845.

The award is affirmed.