FIREMAN'S FUND INSURANCE COMPANY, Respondent, *v.* AMERICAN MERCHANT MARINE INSURANCE COMPANY, Appellant.

First Department, November 28, 1924.

Contracts — action to recover portion of taxes paid by plaintiff — complaint is based on management agreement of several insurance companies operating through one agency — complaint alleges that practice of management was to apportion expenses among companies and that plaintiff was compelled to pay on account of defendant amount sued for — amount sued for is part of plaintiff's own taxes — complaint is insufficient in not alleging agreement or binding custom.

The complaint in an action to recover a portion of taxes paid by the plaintiff on its own business, which action is based on a management agreement of several insurance companies operating through one agency, is insufficient to state a cause of action, which alleges the management agreement and that the practice of the management was to apportion expenses among the several companies; that a part of the taxes which the plaintiff had been compelled to pay on its own business had been returned to it by other companies; that the defendant failed to pay its portion and the plaintiff was compelled to and did advance for the account of the defendant the share which the plaintiff claims should have been paid by the defendant. The insufficiency lies in the failure to allege either directly, or facts from which it may be implied, that the payment was made for the use and benefit of the defendant. The mere allegation of a conclusion that it was so paid is insufficient.

In so far as plaintiff's claim rests upon the alleged custom or the practice of the management, the complaint is insufficient, since there is no allegation that such custom was general or that the defendant had knowledge of the same.

APPEAL by the defendant, American Merchant Marine Insurance Company, from an order of the Supreme Court, made at the New

York Special Term and entered in the office of the clerk of the county of New York on the 30th day of July, 1924, denying its motion, made under rule 112 of the Rules of Civil Practice after the service of the answer, for judgment dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Stoll & Lawrence* [*Douglass C. Lawrence* of counsel; *Erastus J. Parsons* with him on the brief], for the appellant.

*Rumsey & Morgan* [*Louis J. Wolff* of counsel; *David Rumsey* with him on the brief], for the respondent.

FINCH, J.:

The action is brought to recover from the defendant a portion of taxes paid by the plaintiff, upon the allegation that plaintiff and defendant, as well as other insurance companies, were under the management of O. G. Orr & Co., Inc., " which acted as agent and/or manager of each of said companies for the purpose of transacting a marine insurance business."

The complaint then further alleges: " That in the course of said business, risks were accepted by the said O. G. Orr & Co., Inc., in the name of individual companies and agreed portions thereof were ceded to the other companies, specifically or on a certain fixed percentage basis, each receiving its proportion of premiums and paying its agreed proportion of any losses and of the expenses incident to the transaction of the said business.

" That the practice of the management was then and had always been to apportion the expenses incident to the transaction of said business annually on the basis of the percentage that the net premiums received by each company under said management bore to the entire premiums received by all the companies under said management."

It is then alleged that in the course of the business plaintiff was compelled to pay out certain State taxes on the business transacted in its name, which constituted a part of the expenses incidental to said business, portions of which were refunded to plaintiff by the various other companies under the single management, with the exception of the defendant; that plaintiff was compelled to and did advance for the account of the defendant the sum of $9,020.67, representing the share of State taxes chargeable to the defendant, as aforesaid, for which judgment is demanded.

The plaintiff asks us to draw from the facts alleged the implication that the payment was made for the use and benefit of the defendant. No facts giving rise to such an implication are present. The statement that " the plaintiff was compelled to and did advance

for and on account of the defendant the sum of $9,020.67 " is a mere conclusion. It further appears that what the plaintiff paid was its own direct and primary obligation which it had to pay. No obligation of the defendant to reïmburse the plaintiff for such payment is shown. There is no allegation that any of plaintiff's business upon which the taxes in question were paid by it was ceded to the defendant under the aforesaid management of O. G. Orr & Co., Inc. While the complaint alleges that the defendant has paid its share of the expenses incident to the transaction of said business, with the exception of its proportion of the item of State taxes, no obligation on the part of the defendant to make said payments is shown, and it does not follow that an obligation to pay a portion of the State taxes on plaintiff's business can be predicated upon a bare allegation of payment by the defendant of other and different items. In so far as the claim may rest upon the alleged custom or practice of the management, there is no allegation that such custom was general or that the defendant had knowledge of the same. As was said in *Harris* v. *Tumbridge* (83 N. Y. 92, 100): " A custom or usage which binds the parties to a contract does so only upon the principle either that they have knowledge of its existence or that it is so general that they must be supposed to have contracted with reference to it."

The rule applicable to the pleading of a custom relied on is stated in 17 Corpus Juris (p. 518), as follows: " Where it becomes necessary to plead a custom or usage, all the essentials requisite to its validity and binding effect must be averred. Hence the pleading should either aver knowledge on the part of the person to be charged or allege facts authorizing the conclusion that it was of such general notoriety that he will be presumed to have knowledge."

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of this order upon payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.