## DOMER v. CASTATOR.

[No. 12,178.   Filed March 20, 1925.]

1. MASTER AND SERVANT.—*Finding of Industrial Board on question of fact is conclusive.*—As a general rule, the question as to whether one is an employee or an independent contractor is a question of fact, and a finding on that question by the Industrial Board, when sustained by competent evidence, is conclusive on appeal.   p. 576.

2. MASTER AND SERVANT.—*Doubt as to whether workman is employee or independent contractor is resolved in favor of former status.*—Because of the rule of liberal construction of the Workmen's Compensation Act, when any doubt exists as to whether a workman is an employee or an independent contractor, the doubt is to be resolved in favor of the former status.   p. 577.

3. MASTER AND SERVANT.—*Evidence held to sustain finding of Industrial Board that workman was employee and not independent contractor.*—In a proceeding before the Industrial Board, evidence that the employer hired a workman to supervise the work of repairing a house, paying him for his services by the hour and not a lump sum, and paying the other employees hired by the workman, the latter not having full and final control of the work so as to be responsible only for results, was sufficient to sustain a finding of the board that he was an employee and not an independent contractor.   p. 577.

4. MASTER AND SERVANT.—*In proceedings before Industrial Board, burden is on employer to show workman is not "employee" within the definition of Workmen's Compensation Act.*—Since, under clause b, §76 of the Workman's Compensation

Act (Acts 1919 p. 158, §8020h3 Burns' Supp. 1921), any workman employed by another is an employee unless he is shown to be a casual employee and not employed in the usual course of business of the employer, the burden is on the employer to show such exception. p. 578.

5. MASTER AND SERVANT.—*Evidence held to sustain finding of Industrial Board that workman hired to supervise repairing of house was employed in usual course of business of employer and was not casual laborer.*—Evidence that defendant employed a carpenter to supervise the work of repairing a house, the repairs being extensive enough that a number of helpers were employed to assist in doing the work, that the defendant paid all the employees, and, from time to time, gave further directions as to the repairs to be made, the employment covering a substantial, though indefinite, period of time, and that he was not repairing the house for a home for himself, but for the purpose of selling it, *held* sufficient to justify a finding by the Industrial Board that the workman was employed in the usual course of the defendant's business although his usual occupation was that of a drug clerk. p. 578.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Monroe Castator against George A. Domer. From an award for claimant, the defendant appeals. *Affirmed.*

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellant.

*Whiteleather & Bloom,* for appellee.

NICHOLS, J.—Appellee filed his application with the Industrial Board against appellant for compensation for personal injuries which he received while performing work for appellant. It appears by the evidence that appellant purchased a certain house in the town of South Whitley which he desired to repair, with the purpose of thereafter disposing of the same and building upon an adjoining lot which was owned by him. Appellee was a carpenter, and for a number of years prior thereto, had been engaged in that business, sometimes as a contractor and sometimes as an employee.

At the time here involved, appellant called appellee over the telephone and asked him to do some carpenter work on the house above mentioned. Subsequently, they met at the house that was to be repaired and, after showing appellee through the house and pointing out the changes that he desired made therein, it was agreed between the parties that appellee should go forward with the work, joining with appellant in employing the necessary workmen therefor, keep the time of the workmen and report the same to appellant who was to pay therefor, and appellant agreed to pay appellee for his services fifty cents an hour. As a matter of accommodation to some of the laborers, appellee paid them their wages, but was reimbursed by appellant for the amount so paid. Appellee received no profit by reason of the employment of other carpenters, or no part of their wages, his sole compensation being fifty cents an hour for his labor and for overseeing the work. Appellant furnished all of the material used in the repair. From time to time as the work progressed, appellant directed appellee as to what work he desired done. On these facts appellant presents two questions: (1) Was the appellee an employee of appellant, or was he an independent contractor? (2) Was the so-called employment of appellee both casual and not in the usual course of business or occupation of appellant?

In the case of *Indiana Iron Co.* v. *Cray* (1897), 19 Ind. App. 565, 577, 48 N. E. 803, it was held that:

1. "An independent contractor is not, in any proper legal sense, a servant of his employer, but is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer except as to the product or result of the work. Various peculiarities of the employment have been regarded as important or controlling in particular cases. It has been

said that the test is, who has the general control of the work? Who has the right to direct what shall be done and how to do it?" The same authority on the following page states that: "It has been questioned whether there is any legal test by which in all cases it can be determined whether an employee is a servant." Generally speaking, the question as to whether one is an employee or an independent contractor is a question of fact, and a finding by the board, one way or the other, when sustained by competent evidence, is final. *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 445, 133 N. E. 839; Indiana Workmen's Compensation Manual, 209.

The manual cites numerous authorities to sustain this rule, and, on the same page, states the further rule to be that because of the rule of liberal construc-2, 3. tion of the compensation act, when, upon the facts, a doubt exists as to whether a workman is an employee or an independent contractor, the doubt is to be resolved in favor of the former status. Authorities are also cited to sustain the last rule. In determining whether appellee was an independent contractor or an employee, the Industrial Board had a right to consider, and no doubt considered, that appellee was not in full control of the work to be done and responsible only for results, as was evidenced by the fact that full and final directions as to the character and extent of the repairs were not given to him by appellant in the beginning and that, from time to time thereafter, changes were made, and additional instructions as to the work given by appellant; that appellee was not paid a lump sum for his services, but for his labor and services as foreman he was to receive fifty cents an hour; that he had no profit in the work other than his wages, and was not liable to any loss; that while he employed

a part of his helpers, appellant employed part of them, and all such employees were paid by appellant. The Industrial Board having considered these facts, along with the fact that the work to be done was a repair job and that, as such, it was difficult to fix in advancé a definite compensation therefor, determined that appellee was not an independent contractor, and that he was an employee. Having so determined this question as a fact, and there being some evidence to sustain its finding, this court will not disturb it.

Now, as to the second question, it will be observed that under the provisions of clause b, §76 of the Workmen's Compensation Act, (Acts 1919 p. 158, §80201 et seq. Burns' Supp. 1921) appellee was clearly an employee unless his employment was both casual and not in the usual course of appellant's business or occupation. Whether a workman is an employee is generally a question of fact for the Industrial Board. Nissen Transfer, etc., Co. v. Miller (1920), 72 Ind. App. 261, 125 N. E. 652; McDowell v. Duer, supra; Coppes Bros. & Zook v. Pontius (1921), 76 Ind. App. 298, 131 N. E. 845; Hadley v. Rogers (1921), 77 Ind. App. 203, 133 N. E. 401. As by statute, he is an employee unless he is shown to be a casual workman and not employed in the usual course of business of the employer, the burden is on appellant to show such exception.

The evidence shows that the work was extensive enough that a substantial number of other helpers were employed to assist in doing it; that appellee was employed as foreman to superintend the work under the direction of appellant; that he kept the time of the employees and reported the same to appellant; that sometimes he paid the men himself and was then reimbursed by appellant; that from time to time appellant gave further direction as to the repairs

to be made, it thus appearing that the employment covered a substantial, though indefinite, period of time; that he was given some discretion as to the repairs to be done, with instruction that appellant did not desire to make extensive repairs.  These facts certainly constitute some evidence from which the Industrial Board might find that appellee was an employee, and more than a casual laborer.  Further, it appears from the evidence that appellant was not repairing the house for a home for himself, and that his sole occupation was that of a drug clerk, but it appears from the evidence that he was repairing this house for the purpose of selling it, intending thereafter to build another house on an adjoining lot, and that, in the repair of this house, he brought workmen from another house at Collamer, then owned by his father, but afterward by appellant. From this, the Industrial Board might have inferred that appellant was, in addition to his employment as a drug clerk, engaged in the business of building, repairing and selling houses for profit.  It would have been competent for appellant to have shown the contrary, if such were the fact.

We find no authority with facts just like the facts here involved, but the following are cases with acts so similar that they involve the principles controlling in this case:  *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120; *Miller & Lux* v. *Industrial Commission* (1916), 32 Cal. App. 250, 162 Pac. 657; *Holmen Creamery Assn.* v. *Industrial Comm.* (1918), 167 Wis. 470, 167 N. W. 808; *Johnson* v. *Choate* (1918), 284 Ill. 214, 119 N. E. 972; *Kaplan* v. *Gaskill* (1922), 108 Nebr. 455, 187 N. W. 943; *Scott* v. *Payne Bros.* (1913), 85 N. J. Law 446, 89 Atl. 927.

The judgment is affirmed.