(No. 4871. July 22, 1927.)

KATHERINE GROSHOFF, as Executrix of the Estate of GEORGE GROSHOFF, Deceased, Appellant, v. ST. GERTRUDE'S CONVENT, a Corporation, Respondent.

[258 Pac. 528.]

MASTER AND SERVANT—INABILITY TO PERFORM CONTRACT, EFFECT— EMPLOYER AND EMPLOYEE—EXPRESS OR IMPLIED CONTRACT MUST BE SHOWN—FAILURE TO PLEAD ASSUMPTION OF LIABILITY, EFFECT.

1. Inability of master to perform his contracts such as would arise from closing out or change of business terminates such contract.

2. Where recovery for damages for breach of contract is sought from successor of original employer, it is necessary, in order to state a cause of action arising out of relation of employer and employee, that contract, express or implied, is shown with successor.

3. Truth of allegation amounting only to a legal conclusion was not admitted by demurrer to complaint.

4. Where, in action for damages for breach of contract against successor of original employer, complaint alleged no facts as to assumption of liability by successor, there was no cause of action alleged.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Miles S. Johnson, Judge.

Action for damages for breach of contract. Judgment for respondent. *Affirmed.*

Publisher's Note.

1. Discontinuance of business as terminating contract of employment, see note in 6 L. R. A., N. S., 63. See, also, 18 R. C. L. 515.

3. See 21 R. C. L. 508.

See Master and Servant, 39 C. J., sec. 69, p. 76, n. 12; sec. 106, p. 97, n. 86.

Pleading, 31 Cyc., p. 335, n. 80.

J. H. Forney, for Appellant, cites no authorities on points decided.

Luby & Pearson, Frank L. Moore and Latham D. Moore, for Respondent. .

Facts not well pleaded and conclusions of law are not admitted by demurrer. (*Burkhart v. Reed,* 2 Ida. (Hasb.), 503, (506), 22 Pac. 1; 134 U. S. 361, 10 Sup. Ct. 573, 33 L. ed. 945; *Caldwell v. Village of Mountain Home,* 29 Ida. 13, 156 Pac. 909.)

Plaintiff must allege all the ultimate facts necessary to entitle her to recover. (*Hyatt v. Humbird Lumber Co.,* 31 Ida. 457, 173 Pac. 1085; *Inman v. Round Valley Irr. Co.,* 41 Ida. 482, 238 Pac. 1018.)

The complaint is insufficient to charge defendant with any liability to plaintiff's testator. (*Colorado Springs Rapid Transit Co. v. Albrecht,* 22 Colo. App. 201, 123 Pac. 957; *Baker Furniture Co. v. Hall,* 76 Neb. 88, 111 N. W. 129.)

The relation of employer and employee arises only out of contract, expressed or implied. (*Ramon v. Interstate Utilities Co.,* 31 Ida. 117, 170 Pac. 88; *Parker v. Wilson,* 179 Ala. 361, 60 So. 150, 43 L. R. A., N. S., 87; *Chicago & E. I. R. Co. v. Argo,* 82 Ill. App. 667; *People v. Chicago, M. & St. P. Ry. Co.,* 306 Ill. 486, 28 A. L. R. 610, 138 N. E. 155; *McDowell v. Duer,* 78 Ind. App. 440, 133 N. E. 839; *Nisson v. Miller,* 72 Ind. App. 261, 125 N. E. 652; *Rogers v. Rogers,* 70 Ind. App. 659, 122 N. E. 778; *Birmingham Trust & Savings Co. v. Atlanta, B. & A. Ry. Co.,* 271 Fed. 743; *C. C. Slaughter Cattle Co. v. Pastrana* (Tex. Civ. App.), 217 S. W. 749.)

In order that a promise may be implied on the part of a corporation to pay the debts of another corporation to the property of which it has succeeded the conduct relied upon must show such intention. (*Colorado Springs Rapid Transit v. Albrecht,* 22 Colo. App. 201, 123 Pac. 957; *Baker Furniture Co. v. Hall,* 76 Neb. 88, 111 N. W. 129.)

GIVENS, J.—Appellant, as executrix of the estate of George Groshoff, deceased, sued St. Gertrude's Convent, a corporation, respondent, to recover compensation for alleged constructive services. It was alleged in effect that the Ven. Sisters, O. S. B., hired deceased to superintend the erection of certain buildings at an agreed price; that respondent took over and became the owner of the property and succeeded to the rights and liabilities of the Ven. Sisters, O. S. B.; that after respondent became the owner the deceased was wrongfully discharged; that respondent completed the construction of the buildings; and that the deceased was ready and willing at all times to perform. A general demurrer to the complaint was sustained and upon refusal to plead further, judgment was entered in favor of respondent.

The contract of employment set forth in the complaint was between deceased and Ven. Sisters, O. S. B., signed "Mother Superior, Parties of the First Part." There is no allegation in the complaint relative to the capacity of Ven. Sisters, O. S. B., or that respondent had any connection with such organization, or that the personnel of Ven. Sisters, O. S. B., was the same as respondent's membership, or that there was any fraud in the change of organization.

[1] Inability of the master to perform his contracts such as would arise from a closing out or change of business terminates such a contract as was entered into between deceased and Ven. Sisters, O. S. B. (*White v. Lumire North American Co.*, 79 Vt. 206, 64 Atl. 1121, 6 L. R. A., N. S., 80, note; 39 C. J. 76.) [2] Appellant does not seek recovery from the original employer but from the successor. Therefore, in order to state a cause of action arising out of the relation of employer and employee appellant must show a contract, express or implied, with respondent. (*Ramon v. Interstate Utilities Co.*, 31 Ida. 117, 170 Pac. 88; *McDowell v. Duer*, 78 Ind. App. 440, 133 N. E. 839; *Nissen Transfer & Storage v. Miller*, 72 Ind. App. 261, 125 N. E. 652; *C. C. Slaughter Co. v. Pastrana* (Tex. Civ. App.), 217 S. W. 749.) No express contract was alleged as between

decedent and respondent, appellant apparently resting her claim on an implied promise of respondent to assume the rights, duties and obligations of Ven. Sisters, O. S. B. The only allegation with respect to such assumption was merely a legal conclusion. (*Roharer v. Middlesboro Town & Lands Co.,* 103 Ky. 146, 44 S. W. 448; *Cairo & Vincennes R. R. Co. v. Dodge,* 72 Ill. 253; *Kreidler v. Hyde,* 130 Ill. App. 505; *Automatic S. Mach. Co. v. Twisted W. & S. Co.,* 159 App. Div. 656, 144 N. Y. Supp. 1037; *Fireman's Fund Ins. Co. v. American M. M. Ins. Co.,* 211 App. Div. 93, 206 N. Y. Supp. 683; *Stodghill v. Crafton,* 209 Ky. 774, 273 S. W. 466; *Wilson v. Sutton,* 25 Pa. 29; *Hopkins v. Erskine,* 118 Me. 276, 107 Atl. 829; *Wallace B. & T. Co. v. First National Bank,* 40 Ida. 712, 237 Pac. 284.) **[3]** The truth of such conclusion of law was not admitted by respondent's demurrer. (*Burkhart v. Reed,* 2 Ida. (Hasb.), 503, 566, 22 Pac. 1; affirmed, *Clough v. Curtis,* 134 U. S. 361, 10 Sup. Ct. 573, 33 L. ed. 945; *Caldwell v. Village of Mt. Home,* 29 Ida. 13, 156 Pac. 909; *Hopkins v. Erskine, supra.*) **[4]** No facts having been pleaded as to the assumption of liability by the respondent, no cause of action against respondent was alleged. (*Hurt v. Brandt,* 37 Ida. 186, 192, 215 Pac. 842.)

This determination of the above point renders it unnecessary to consider the other points raised. The action of the trial court in sustaining the demurrer was therefore correct and the judgment is sustained. Costs awarded to respondent.

Wm. E. Lee, C. J., and Budge and T. Bailey Lee, JJ., concur.