SCHMUESER *v.* COPELIN ET AL.

[No. 15,233. Filed September 27, 1934.]

*Chester D. Ihrig, Burke G. Slaymaker, Clarence F. Merrell,* and *Theodore L. Locke,* for appellant.

*William J. McAleer, Francis J. Dorsey, James J. Clark,* and *William L. Travis,* for appellee.

SMITH, P. J.—This is an appeal from the award of the full Industrial Board of Indiana, by a majority of its members, entered on the 7th day of March, 1934, against appellant, in a proceeding brought by the appellee for compensation under the provisions of the Workmen's Compensation Act, on account of injuries received on the 24th day of March, 1933, in an accident arising out of and in the course of his employment, against the appellant, the school city of Hammond, and the city of Hammond.

Such proceedings were had that an award was made by the full Industrial Board upon review, allowing compensation to appellee against appellant William Schmueser to be paid at the rate of $7.50 per week for a given time, together with certain medical expenses. To this award appellant excepted and appealed to this court.

The only question for determination is: Does the evidence show that the appellee at the time he received his injuries was an employee in the service of appellant within the meaning of the Workmen's Compensation Act?

The Industrial Board found that appellee was such an employee, and awarded him compensation. The error assigned is that the award of the full Industrial Board is contrary to law. Appellant raises the question that there is no evidence to sustain the finding of the board, that appellee was an employee of the appellant within the meaning of the Workmen's Compensation Act.

The facts in the case as shown by the evidence are not in dispute, and are substantially as follows: That appellee is a painter, and as such was unemployed prior to his injury, and at the time of his injury was working upon a school building in the city of Hammond, Indiana, under the relief agencies of the Government.

The evidence discloses that one William Rohrberg, on and prior to the 24th day of March, 1933, was chairman of the Building Trades Council of Lake County, Indiana, and representative of the Painters' Local Union No. 460, of which appellee was a member; that he made arrangements with the city of Hammond, the school board, and the contractors of Hammond to have some work done on the schools in the city of Hammond, for the purpose of furnishing work to the unemployed, especially to the painters of that community; that the mayor of Hammond had under his control about $90,000 of government money which had been apportioned to him

by the Governor of the State of Indiana as part of the relief program of the government, which money was to be expended under the direction of the mayor of Hammond as an individual in order to furnish work to relieve the unemployment situation; that said Rohrberg initiated this work, and the arrangements therefor, and met with the mayor and the board of works, and they agreed to furnish the money for only the wages out of this fund for doing some work on some school projects in the city of Hammond, provided the material and overhead was furnished by the school city; that he then met with the school board, and they agreed to furnish material, but said they had no money for overhead or insurance; that he then called a meeting of the contractors, of which appellant was one, and they agreed to furnish tools, scaffolding, and compensation insurance on men employed on such projects; that said Rohrberg was also a member of a Civic Committee in Hammond which did some relief work, and this committee agreed to donate approximately $800 to help defray the expenses of the overhead, and pay some of the wages; that this money was used in paying for the use of tools, and scaffolding, and insurance through said contractors; that the only contract concerning the contractors was the agreement that they would furnish scaffolding and insurance; that a Mr. Rathburn who represented the school city of Hammond as its superintendent of maintenance was put in charge of this work; that said Rohrberg assisted Mr. Rathburn in putting men on the jobs, but he himself was not working for the school city; that he (said Rohrberg) secured employment for the appellee as a painter on the school building at Calumet and Sibley streets; that appellant was the contractor who was put in charge of this particular school building, and received 5% of the wages paid on the job for the purpose of insurance, and agreed to furnish the

scaffolding, for which he was to receive $15 per school; that under this arrangement Mr. Rohrberg was permitted to put only those men upon the jobs who needed work; that he said, "It was a method of relief employment"; that he further testified, "We were not permitted to send out anybody on this job except unemployed men. They came from our organization. I selected them out. I sent Mr. Copelin out on the job"; that he did not say anything to appellant about whether Mr. Copelin was to work on this job or not; that these men were all paid in the city hall, and somebody was selected as a timekeeper, who was not an employee of the appellant, to the knowledge of Mr. Rohrberg; that appellee received $1.25 an hour for the time he worked, six hours per day, and appellant did not pay him the money for his wages, nor did this money pass through appellant's hands or records; that appellant never had possession of the money appellee received for wages, nor did the school city of Hammond.

Mr. Rohrberg further testified, "I don't think William Schmueser put any men on this job that he paid direct. He agreed to furnish compensation for these men for 5% of their wages and $15 for the use of his scaffold." He also testified, "As I understand it, under this whole arrangement I was designated as the person by all of the parties that I saw, that I met and talked with, to designate the various men to go to these respective jobs. I was told by them that they expected me to see this program went through in good shape. They agreed I was to designate the men. . . . William Schmueser did not pay me anything for selecting these men on the job. The School City of Hammond did not pay me anything. The City of Hammond did not pay me anything. I got no pay for this work except from my regular organization. I was on a regular salary paid by the local painters' union."

The appellee stated that he was sent out to work on this job by William Rohrberg, and that there was no one to whom he could report for duty, so he and the other men just went to work; that he did not know who had charge of this job; and that he never had any conversation with appellant relating to this job; that while he was working he sustained an injury as the result of an accident wherein he started to move the bottom section of a 40-foot extension ladder, and, in doing so, it tilted backwards, and to keep it from falling out in the street, he strained his back as the ladder tilted backwards; that he went to the city hall to get his pay for this job, and was paid by check.

The above facts are taken largely from the testimony of William Rohrberg, as set out in appellant's brief, which we have verified from the record, and are substantially all of the facts in connection with this case which are necessary for determination thereof.

Under this state of facts, the majority of the Industrial Board found that the appellee was an employee of appellant within the Workmen's Compensation Act, and that he was injured by an accident arising out of and in the course of his employment, and was entitled to compensation as such employee.

It is elementary that the status of employer and employee must arise out of a contractual relation. Section 73, clause (b) of the Workmen's Compensation Act in force at time of this accident defines an employee, and says:

" 'Employee' shall include every person, including a minor, lawfully in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." Section 9518, Burns Supp. 1929.

The statute uses the words, when referring to the contract, "written or implied." In interpreting this, our court has used the language "express or implied."

In the case of *In re Moore* (1933), 97 Ind. App. 492, 187 N. E. 219, 222, this court, having under consideration a question somewhat similar to that presented in this case, stated:

> "The right of any person to receive, and the liability of any person to pay, compensation, under our Workmen's Compensation Act, depends in the first place, of course, upon the existence of the relation of employer and employee, and whether this relation exists is to be determined in accordance with the usual rules. This relation is contractual in character, and must be created in every instance by contract, either express or implied. *Rogers* v. *Rogers* (1919), 70 Ind. App. 659, 122 N. E. 778; *Nissen Transfer, etc., Co.* v. *Miller* (1920), 72 Ind. App. 261, 125 N. E. 652; *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839; *Johns-Manville, Inc.,* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229."

In addition to the citations referred to above, we call attention to the case of *Board of Commissioners of Wells County* v. *Merritt* (1924), 81 Ind. App. 288, 141 N. E. 711.

In the case of *In re Moore, supra,* the employee did not receive money for his services, but received certain relief by way of food, etc., from the relief agencies of that community. In the instant case, the appellee for his relief received money from a fund provided by the Federal Government, and distributed by the Governor of the state through the local agencies mentioned. We think that the fact that he received money through the relief organizations instead of food and supplies can make no difference in the conclusion we must reach herein.

In order to constitute an employee under the statute and the interpretation given to it by our court, as well as the courts of other states, there must be a contract of hire, either express or implied, between the employer and the employee. There is no evidence in this case of any contractual relationship whatever between the appellant and appellee. In fact, the evidence conclusively shows that appellee was employed and put on this job by a representative of his labor union, as a matter of furnishing employment to the unemployed. The only connection appellant had with this project was that he furnished certain tools and scaffolding for the work, and certain insurance, for which he was compensated. The evidence does not disclose whether this insurance was furnished in the name of appellant or of the school city of Hammond; however, it could make no difference in the result reached in this case, for the question is: Was the appellee an employee of the appellant within the meaning of the law?

There is no evidence to sustain the finding of the board, that a contract, either express or implied, for the employment of appellee existed between appellant and appellee; and hence the award of the Industrial Board is not sustained by sufficient evidence, and is therefore contrary to law.

The award is hereby reversed with instructions to the Industrial Board to enter a finding and an award for appellant.