In the Matter of the Petition of GORDON P. YOUNG to Have Determined and Enforced an Attorney's Lien in an Action Entitled: Supreme Court, County of New York, S. M. & J. EISENSTADT, INC., Plaintiff, v. FRANK E. SWEENEY, Defendant. GORDON P. YOUNG, Petitioner, Respondent; S. M. & J. EISENSTADT, INC., Respondent, Appellant.— Appeal from an order of a Special Term of the Supreme Court, Saratoga county, entered in Fulton county clerk's office, fixing the attorney's lien of petitioner and directing the payment thereof. The appellant corporation had obtained a judgment and in an endeavor to collect, different attorneys were employed. Petitioner was retained in behalf of the company and by stipulation an order of substitution thereon was made, naming him as such attorney. Six hundred dollars has been collected but petitioner has not been paid for his services and disbursements, although another attorney who also acted in the matter has been paid. Order affirmed, with ten dollars costs and disbursements. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur. [See, also, *Matter of Eisenstadt, Inc.*, v. *Heffernan*, 256 App. Div. 488; *Matter of Heffernan*, *post*, p. 897.]

In the Matter of the Claim of ISABEL FRIEDRICH, Respondent, against L. HIRSCH & SONS and THE HOME INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award and decision of the State Industrial Board. On August 1, 1931, the decedent herein sustained accidental injuries resulting in his death for which the award was made. He was at the time a dress salesman for the employer herein. The questions presented to this court for review are:

1. That the award herein does not come within the purview of section 25-a of the Workmen's Compensation Law;

2. Whether the decedent was an employee rather than an independent contractor;

3. Whether the fact that the widow and children received benefits under the Texas law precluded their right to compensation in this State.

The decedent was working under a written contract. There is no question about his being an employee. The employer's place of business was in Brooklyn, N. Y. The contract was made by mail and is in the record. The record clearly discloses that this case was pending before the State Industrial Board on April 24, 1933, and, therefore, section 25-a did not apply. Any moneys which the claimants received under the Texas proceedings did not affect their rights under the Workmen's Compensation Law of New York State, because claim for compensation was not pressed in Texas. The evidence supports the award appealed from. Award unanimously affirmed, with costs to the State Industrial Board.