SHELBY MANUFACTURING COMPANY, INC. *v.* HARRIS.

[No. 17,002. Filed October 21, 1942. Rehearing denied December 2, 1942. Transfer denied January 18, 1943.]

628

*Earl A. Heffner, James V. Donadio,* and *Ross, Mc-Cord, Ice & Miller,* all of Indianapolis, for appellant.

*Weiss & Weiss,* of Indianapolis, for appellee.

BEDWELL, J.—The appellee, Rose Harris, filed a claim against the appellant, Shelby Manufacturing Company, Inc., to recover compensation under the Workmen's Compensation Act of Indiana claimed to be due her as the widow and the sole surviving total dependent of Harry Harris, deceased. A majority of the full Industrial Board entered an award in her favor on April 14, 1942, awarding her compensation for three hundred weeks at $8.80 per week.

The appellant attacks the validity of such award upon the following grounds:

1. That the evidence is not sufficient to establish the fact that the decedent's death was the result of an accident arising out of and in the course of his employment by the appellant, nor does it show that he was an employee, rather than an independent contractor, at the time of his injury and death.

2. That the evidence showed that injury and death of appellee's decedent resulted from a violation by him of certain statutes of the State of Ohio which governed the operation of motor vehicles upon public highways.

3. That the board erred in admitting into evidence a letter written by an employee of appellant on behalf of its president.

4. That the evidence, without conflict, disclosed that the appellee had brought an action for compensation before the Industrial Commission of Ohio against the Glenn Garment Company of Ohio, and had been awarded compensation in the maximum amount allowable under the laws of such state because of the death of her husband, prior to the award against appellant.

The pertinent facts are as follows: On March 31, 1941, appellee's decedent, Harry Harris, was in the employ of the Glenn Garment Company of Cincinnati, Ohio, as its salesman at an average weekly wage of $51.92; that he was a resident of Cincinnati, Ohio, and as such salesman he traveled to different points in Ohio, Indiana, Illinois, Kentucky, West Virginia, and Tennessee where he displayed and sold merchandise manufactured by such employer. At the same time, and with the consent and knowledge of the Glenn Garment Company, appellee's decedent sold, on a commission basis, merchandise manufactured by appellant whose place of business was located at Shelbyville, Indiana.

Such merchandise was sold to customers in the same community where merchandise of the Glenn Garment Company was sold.

The decedent traveled from place to place in his own automobile and paid his own traveling expenses. On the date in question he had started from his home in Cincinnati, Ohio, to first call upon a customer at Bedford, Indiana. He had in his automobile samples of both employers, and it is a fair inference from the evidence that he intended to sell the products of both employers at such place, or on such trip. While traveling on a public highway in Ohio, he was injured in a collision between his automobile and a truck, from which injury he died on the following day. Following his death, and on May 9, 1941, the appellee filed an application for compensation as his sole surviving total dependent with the Industrial Commission of Ohio, and on December 13, 1941, such Commission found that decedent's injury was sustained in the course of his employment by the Glenn Garment Company; that such employer was a subscriber to the State Insurance Fund of the State of Ohio, and it then awarded appellee compensation for three hundred forty-six weeks at the rate of $18.75 per week. While this application was pending before the Industrial Commission of Ohio, the appellee, on October 14, 1941, filed a claim for compensation against appellant with the Industrial Board of Indiana. The award from which this appeal is taken was made by such board on April 14, 1942.

The deceased in the performance of his duties for the Glenn Garment Company and Shelby Manufacturing Company called upon customers as he saw fit. He was paid a wage each week by the Glenn Garment Company, but the Shelby Manufacturing Company paid him monthly a commission that was based upon the amount

of orders which he sold and which it accepted. The deceased worked the same territory for both companies, but the Shelby Manufacturing Company reserved the right to extend or refuse credit upon his sales, and it had set forth a certain set of rules and a program for him to follow in the making of representations to induce sales. It further reserved the right to take up his samples if he did not sell a particular or sufficient amount of merchandise.

In the case of *Meek* v. *Julian* (1941), 109 Ind. App. 489, 32 N. E. (2d) 737, affirmed by the Supreme Court on October 17, 1941, 219 Ind. 83, 36 N. E. (2d) ■ 854, and in the case of *Pearson Company, Inc.* v. *McDermid* (1941), 109 Ind. App. 228, 31 N. E. (2d) 642, this court discusses in detail the principles of law applicable to the determination of whether a relationship of employee or independent contractor exists in compensation cases. Without repeating the principles therein announced, it will suffice to say that the evidence was sufficient to justify the Industrial Board in determining that appellee's decedent was an employee of appellant, rather than an independent contractor, and that his injury and death was the result of an accident that arose out of and in the course of such employment.

Section 8 of our compensation law (Acts 1929, ch. 172, § 8, p. 536, § 40-1208, Burns' 1940 Replacement, provides that: "No compensation shall be allowed for an injury or death due to the employee's intentionally self-inflicted injury, his intoxication, his commission of a felony or misdemeanor, . . . The burden of proof shall be on the defendant."

The appellant, by special paragraphs of answer, pleaded that appellee's decedent, in violation of the laws of the State of Ohio, drove his automobile to the left

of the center line of a public highway, and, also, that he drove his automobile at a high rate of speed, down grade, and around a curve, when his vision was obstructed. It is alleged that these acts constituted misdemeanors that proximately caused his injury.

The Industrial Board determined the issues made upon these special paragraphs of answer against the appellant. We cannot say that the record shows a lack of evidence justifying such determination. It discloses that just prior to the contact between the automobile of appellee's decedent and the truck, that appellee's decedent came down a hill and that his automobile was "zigzagging" and was traveling to the right and to the left of the center of the highway. A fair inference from such evidence would be that because of some defective condition of the automobile, or unintentional act of the driver, the automobile was out of control. This would negative a criminal act.

By the great weight of authority it is not necessary to prove a charge of crime in civil actions beyond a reasonable doubt, but a preponderance of the evidence is sufficient. But there is no preponderance unless the evidence is sufficient to overcome the presumption of innocence as well as the opposing evidence. 32 C. J. S., Evidence, § 1020-b, p. 1050; *Sundquist v. Hardware Mutual Ins. Co.* (1939), 371 Ill. 360, 21 N. E. (2d) 297, 124 A. L. R. 1375.

Appellant further seeks to predicate error because of the admission into evidence of a certain letter written by an employee of appellant who worked for its president, to J. Lewis Warn, an attorney of appellee. The letter was introduced as cumulative evidence to show that appellee's decedent was an employee. The objection thereto was that it was written by an employee and not an official of appellant, and that such employee

merely stated her conclusion concerning the relationship between appellee's decedent and the appellant. The record shows no ruling made by the Industrial Board concerning the admission thereof and no exception upon which error could be predicated.

But in addition, while the strict rules regarding admission of evidence that are enforced in the courts do not apply to the Industrial Board, the introduction of such letter into evidence in the trial of an action in a court would not have constituted reversible error, for the only effect thereof was to corroborate matters that had already been otherwise proven. *Inland Steel Co.* v. *Pigo* (1932), 94 Ind. App. 659, 182 N. E. 279; *Bates Motor Transport Lines* v. *Mayer, Admx.* (1938), 213 Ind. 664, 14 N. E. (2d) 91; *Keener School Township* v. *Eudaly* (1932), 93 Ind. App. 627, 175 N. E. 363; *Vandalia Coal Co.* v. *Butler* (1918), 68 Ind. App. 245, 119 N. E. 34.

The main question involved in this appeal, and it is one that is not without difficulty, is whether appellant, having recovered before the Industrial Commission of Ohio an award against the Glenn Garment Company, could recover an additional award against the appellant herein.

The evidence herein is sufficient to permit a determination that the injury and death of appellee's decedent was the result of an accident that arose out of and in the course of the employment of appellee's decedent by the Glenn Garment Company and the Shelby Manufacturing Company under two concurrent independent contracts of employment which were governed by the separate laws of two states.

The Workmen's Compensation Act of Indiana contains no provision applicable to this situation. *In re Howard* (1919), 71 Ind. App. 557, 125 N. E. 215. It

does contain a section requiring joint employers, who are subject to the Indiana Act, to contribute to the payment of compensation to an injured employee in proportion to their wage liability to him (Acts 1929, ch. 172, § 49, p. 536, § 40-1414, Burns' 1940 Replacement), but the employers herein involved were not joint employers and they were not both subject to the compensation law of this State. The Glenn Garment Company was subject only to the law of Ohio and the appellant was subject only to the law of Indiana. Nor is the situation such that the cause might be determined upon the ground that the injured employee, at the time of his injury, was working for a particular one of two concurrent employers. The evidence shows that at the time of the injury he was traveling to sell merchandise for both employers.

The appellant calls attention to the provision of the Indiana law which fixes at $5,000 the maximum amount that is recoverable for death, but it is apparent that such provision refers to the amount that is recoverable under Indiana law and not to the amount that might be recoverable under the laws of Indiana and Ohio, or of Indiana and any other state or states. The Indiana compensation law applies only to Indiana employers. *Bishop* v. *International Sugar Feed Co.* (1928), 87 Ind. App. 509, 162 N. E. 71.

The contract of appellee's decedent with the Glenn Garment Company was a contract entered into between two residents of Ohio that was to be performed in Ohio and a number of other states, and the employer had complied with the compensation laws of Ohio so as to be bound thereby. The injury occurred in Ohio and such contract was governed by the laws of Ohio. *Hall* v. *Industrial Commission of Ohio* (1936), 131 Oh. S. 416, 3 N. E. (2d) 367; *Norman*

v. *Hartman Furn., etc., Co.* (1926), 84 Ind. App. 173, 150 N. E. 416.

But the contract of appellee's decedent with appellant was made in Indiana with an Indiana employer who operated under the compensation law of Indiana, and the contract was to be performed in Indiana and other states. It was governed by the laws of Indiana. *Calkins v. Service Spring Co.* (1937), 103 Ind. App. 257, 7 N. E. (2d) 54; *Fisher v. Mossman-Yarnelle Co.* (1938), 105 Ind. App. 22, 13 N. E. (2d) 343.

In the case of *In re Howard, supra,* this court held that in determining the average weekly wage of an employee, who was employed in this State as a janitor by three separate independent concurrent employers, and who was injured while performing janitor service for one of such employers, that the Industrial Board should consider the total amount of wages such employee received from all of the independent concurrent employers.

It has been many times held in other jurisdictions that an employer is not relieved from liability for compensation under the compensation laws, in whole or in part, because of the receipt by the injured employee from other sources of payments or contributions on account of his injury or disability. *City of Evanston v. Industrial Commission* (1937), 367 Ill. 155, 10 N. E. (2d) 644; *Ogden Union Ry. & Depot Co. v. Industrial Commission* (1934), 85 Utah 124, 38 P. (2d) 766; *Shandy v. City of Omaha* (1934), 127 Neb. 406, 255 N. W. 477.

No persuasive reason has been advanced why an employer should be relieved from the payment of compensation because a separate and independent concurrent employer has paid compensation under the laws of another state. There are no statutory provisions

that govern the situation herein and no public policy is involved. No unfair or inequitable recovery and no double recovery from a single employer is involved. The amount awarded appellee from both employers was less than $10,000. While the evidence does not disclose adequate facts for us to determine whether the amount awarded was less than the actual loss sustained, the evidence does disclose that appellee was totally dependent upon her deceased husband and that his annual earnings were in excess of $3,000 per year.

A minority of the Industrial Board was of the opinion that an award should be denied because when the amount of the award here was added to the amount of the award made in Ohio, it exceeded the maximum amount prescribed by the Indiana compensation law. It seems to us that the Indiana compensation law was intended to govern and apply only to compensation awarded under such law, and that none of its provisions purport to cover or be affected by compensation payments made under the laws of another state as the result of an award against a separate independent concurrent employer.

The award of the Industrial Board is affirmed with the statutory five per cent penalty.

STEVENSON, J., dissents with opinion.

NOTE.—Reported in 44 N. E. (2d) 315.

### DISSENTING OPINION.

STEVENSON, P. J.—I find myself unable to agree with the majority opinion in this case. It is my opinion that the appellee's decedent at the time of his injury and death was engaged in the joint service of the two merchandising companies whom he represented.

It is true that he had a separate contract of employment with the Glenn Garment Company of Cincinnati,

Ohio, whose merchandise he sold. It is likewise true that he had a contract of employment with the Shelby Manufacturing Company, whose merchandise he sold. The territory which he covered as a salesman for each company was identical. His time was his own. He was in the service of both companies at the time of his injury and death. He was not required under his employment to devote a portion of his day to the service of one employer and another portion of his day to the service of the other employer.

As in the case of a night watchman employed to watch buildings owned by separate individuals the cases generally hold that such employment is a joint service. In the case of *Page Engineering Co.* v. *Industrial Commission* (1926), 322 Ill. 60, 65, 152 N. E. 483, the court in speaking of such employment said:

> "He was not employed to give a definite part of his time to the service of each of them but he was employed to watch both properties all night every night, and wherever he was upon the property of either at any time of the night he was in the course of his joint employment by both employers. Any injury received by reason of such employment, whether on the property of one or the other of his employers, arose out of the joint employment."

See also *Stresenreuter* v. *Industrial Com.* (1926), 322 Ill. 187, 152 N. E. 548.

It will be noted that our statute expressly provides that if an employee for whose injury or death compensation is payable, be at the time of injury in the joint service of two or more employers, such employers shall contribute pro rata to the payment of his compensation. § 40-1414, Burns' 1940 Replacement.

While the contracts of employment may have been concurrent, it is clear to me that the service which the appellee's decedent was performing at the time of

his death was a joint service, and had both employers been Indiana corporations, but one recovery could be had for the loss sustained. To hold, therefore, that the appellee having recovered under the Workmen's Compensation Laws of Ohio the sum of sixty-five hundred dollars as compensation for the death of her husband may now come into the jurisdiction of the Indiana Industrial Board and again recover compensation for the same injury is to permit a double recovery, which was obviously not the intention of the law.

As is said by Schneider in his able work on workmen's compensation:

> "To thus allow double recovery is, in the author's opinion, bad policy and contrary to one of the fundamental principles of workmen's compensation, in that if the employee were to receive more compensation while disabled than while working the temptation to malinger and prolong his period of disability would be great. In addition this would be penalizing the employer for his industry in extending his business to other states. Not to mention questions of interstate comity and res adjudicata. The author prefers in such cases as a matter of comity, the theory of concurrent jurisdiction." Vol. 1 (2nd Ed.), § 47, p. 412, Workmen's Compensation Law (Schneider).

This same principle is recognized by the Supreme Court of New Mexico in the case of *Hughey* v. *Ware* (1929), 34 N. Mex. 29, 34, 276 P. 27. In denying recovery under the compensation act of New Mexico for an injury which occurred there, upon a showing that compensation had already been awarded for the same accident in the State of Texas, the court said:

> "There was but one accident. It is the public policy of this state that, for such accident, compensation shall be made in a certain amount, to secure the injured employee against want, and to

avoid his becoming a public charge. The employer is required to carry compensation insurance. This is a device to place upon the industry as a whole the cost of the prescribed compensation. In the case at bar it appears that the industry has already borne the cost imposed upon it by Texas law. That may be more or less than under our law. But, if both laws may be invoked, the charge imposed upon the industry by the public policy of either state will be exceeded."

The majority opinion takes the position that the State of Indiana is not concerned with the proceedings by which the appellee recovered full compensation for her loss under the laws of Ohio. This position, followed to its logical conclusion, would permit a widow of a traveling salesman, whose death was occasioned from injuries arising out of his joint service to many employers located in many states, to recover as many compensation awards growing out of the death of such husband as he had employers, provided they were located in separate states. Surely, this is contrary to public policy, and it is clearly contrary to the declared intention of the Indiana Legislature, which permits but one recovery where the injury grows out of the joint service to two or more employers. § 40-1414, Burns' 1940 Replacement.

It may be noted also that the result reached by the majority opinion gives no thought to the situation which might arise if the death of the employee was occasioned by the wrongful act of a third party. In such a case our statute provides that:

". . . the employer, having paid compensation or having become liable therefor, may collect in his own name . . . or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents." § 40-1213, Burns' 1940 Replacement.

Under the provisions of this statute if the appellee's husband were killed by the negligence of a third person, then such third person would be required to respond in damages in as many law suits as there were employers in different states whose statutes make provision for judgment over against the wrongdoer. Here again such multiplicity of action was never contemplated by our statute.

It is my opinion that in cases such as the one at bar the appellee has the right to elect in which forum she will prosecute her cause of action. Having selected her forum and obtained judgment there, she is now precluded from again litigating her same cause of action in a separate forum having a like jurisdiction.

It is my opinion that the award of the Industrial Board should be reversed.

NOTE.—Reported in 44 N. E. (2d) 315.