In the Matter of the Claim of FRIEDA YURCAK, Respondent, against CHICAGO EXPRESS, INC., et al., Appellants, and NORMAN CHAMBERLAIN, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The board made its award in this death case against both the general and special employers. This determination was authorized. (Matter of Dennison v. Peckham Road Corp., 295 N. Y. 457; Matter of De Noyer v. Cavanaugh, 221 N. Y. 273.) In these circumstances liability to pay the award in full runs against each. In cases where both employers are financially responsible no real problem arises. But here the general employer was not insured and his responsibility is open to some doubt. This, under the general applicable principles, does not relieve the other employer who is severally liable for the award. The board directed in a finding of fact, but not as a part of its award, that the special employer should pay the whole award and have a right over to recovery for half of it against the general employer. The special employer appeals. That part of the decision which directs the appellant to pay the full award is gratuitous since that obligation would in any event exist as a matter of law. That part which finds a right by appellant to recover over against the general employer, whether right or wrong, does not harm the appellant which is not aggrieved by this part of the decision. It may be that by proper entry of judgment this may be enforcible against the general employer; or the board may by assignment of right, or judgment or otherwise help the appellant to recover from the general employer. We do not pass on these questions. The board has a continuing power in this respect. The award here is warranted and is unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.