108 A.2d 514 (1954)
Betty Jane GEHRING
v.
LINWOOD LACE WORKS, Inc.
Eq. No. 2215.
Supreme Court of Rhode Island.
October 21, 1954.
Higgins & McCabe, Eugene V. Higgins, Providence, Sylvester Benjamin, New York City for petitioner.
Greenough, Cross, Reid & Ewing, Owen P. Reid, Providence, for respondent.
PER CURIAM.
After our opinion in the above case, the respondent requested and received permission *515 to file amotion for leave to reargue. In support of its contention that justice requires a reargument, it has called to our attention the cases of Jackson Trucking Co. v. Interstate Motor Greight System, 122 Ind.App. 546, 104 N.E.2d 575, and Rice v. Keystone View Co., 210 Minn. 227, 297 N.W. 841, 843. In our judgment these cases are distinguishable.
In the Jackson Trucking Co. case the court held that the contract of employment with the two respondents was joint, whereas we have held that "the contracts of his [the deceased employee's] employment with the instant respondents [Nottingham Lace Works, Inc. and Linwood Lace Works, Inc.] were concurring contracts, not joint, thus giving rise to a separate claim for compensation against each corporation."
We point out further that in the Indiana case there was evidence to support that court's holding to the effect that where two employers, one general and one special, had so associated themselves together that both were in direct control of the employee and he was made accountable to both, he would be considered an employee of both and both would be jointly chargeable with the responsibilities of his employment. In the instant case there is no such evidence.
In the Rice v. Keystone View Co. case the commission held that the employee was in the concurrent employment of the Keystone View Company and Bell & Howell Company and was fatally injured while in companies. On a review of this decision the supreme court of Minnesota held that the employment of the deceased with both companies was concurrent. However, the opinion goes on to state: "* * * we think the joint award of the commission was correct." No distinction was made between joint and concurrent contracts of employment and apparently in that state a joint and concurrent contracts of employment and apparently in that state a joint recovery may be had not only against joint employers but also against separate concurrent employers. It is not clear from the opinion whether this is a judicial conclusion or is based upon express language of their workmen's compensation act.
In any event our statute contains no express provision for contribution as between employers under separate and concurrent contracts of employment. In the circumstnaces we are of the opinion that such a provision should not be read into the statute because it would appear to be more properly a matter for consideration by the legislature.
Motion denied.
CAPOTOSTO, J., not participating.