In the Matter of the Claim of BETTY J. GEHRING, on Behalf of Herself and EDITH GEHRING and Another, Infants, Respondent, against GEHRING LACES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 7, 1955.

*Victor Fiddler, Bernard Katzen, William H. Stieglitz* and *George J. Hayes* for appellants.

*Jacob K. Javits, Attorney-General (Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Sylvester Benjamin* for claimant-respondent.

HALPERN, J. Edward H. Gehring was killed in an airplane crash in the Azores on October 28, 1949, while returning from a trip to Europe. He had taken the trip on behalf of three corporations, the Linwood Lace Works, Inc., and the Nottingham Lace Works, Inc., both Rhode Island corporations engaged in the manufacture of lace, and the appellant Gehring Laces, Inc., a New York corporation engaged in the sale of lace. The purpose of the trip was to obtain new styles and samples of European lace to be used in the manufacturing operations of the two Rhode Island corporations and to shop for lace which might be imported by the New York corporation for resale by it.

The decedent was a highly paid executive of all three corporations. During the year 1949 up to the time of his death, he had been paid $26,419.46 by Linwood Lace Works, Inc., $14,650 by Nottingham Lace Works, Inc., and $23,726.27 by the appellant Gehring Laces, Inc.

The decedent was also an executive employee of Retailace Co., Inc., a subsidiary of the appellant Gehring Laces, Inc., which

specialized in the sale of lace to chain stores and other retail outlets, but the board found upon the basis of substantial evidence that Retailace Co., Inc., had no interest in Gehring's trip to Europe, so no further consideration need be given to the decedent's employment by that corporation.

The various corporations were closely affiliated; the stock in all four corporations was owned by the decedent's father and one Beattie and the members of their respective families. Over 90% of the output of the two Rhode Island mills was sold to the appellant Gehring Laces, Inc., which in turn resold the lace to manufacturers of women's apparel.

The appellant Gehring Laces, Inc., carried workmen's compensation insurance under the New York law. The two Rhode Island corporations were covered by workmen's compensation insurance pursuant to the Rhode Island law.

A claim for death benefits was filed in New York State against the appellant and an award of the maximum amount of $35 per week was made to the decedent's widow and children. In the notice of claim, the two Rhode Island corporations were also named as employers but the Workmen's Compensation Board found that the New York statute was not applicable to them and it accordingly dismissed the claim against them.

A claim had also been filed in Rhode Island against the two Rhode Island corporations. The claim had originally been rejected by the Rhode Island board but, upon appeal to the Superior Court, the decision was reversed and an award was made against the two Rhode Island corporations in the amount of $18 per week each, for 600 weeks. This was affirmed upon appeal to the Supreme Court of Rhode Island (*Gehring* v. *Nottingham Lace Works,* 106 A. 2d 923, motion for reargument denied 108 A. 2d 514, 515).

The New York award having been made first, it was argued in Rhode Island that the amount of the New York award should be deducted from any award in Rhode Island but this contention was rejected by the Rhode Island courts. The Rhode Island court held that each of the employments was a separate employment, although the employments were concurrent, and that the beneficiaries were entitled to the full maximum death benefits in Rhode Island against each of the Rhode Island employers, notwithstanding the prior award of maximum death benefits in New York against the New York employer.

Upon this appeal from the New York award, the appellant advances three contentions: (1) that the Workmen's Compensation Board erred in dismissing the claim in this State against

the Rhode Island employers; (2) that the New York award against the appellant should be reduced to a fractional share, arrived at by dividing the total award by the number of employers in whose service the decedent was engaged at the time of his death; (3) that, in any event, credit should be given against the New York award for the amount of the Rhode Island award.

The appellant's objective in advancing the first contention is to get the New York case in such a posture that an award could be made jointly against all three corporations. The appellant would then presumably seek to have the award apportioned in some manner among the three employers, with a proportionate reduction of the amount payable by the appellant.

The board's decision dismissing the claim against the Rhode Island corporations seems to us to have been clearly correct. There was ample evidence to support the board's conclusion that the Rhode Island corporations were not subject to the New York Workmen's Compensation Law; they were located in the State of Rhode Island and their operations were wholly confined to that State; their employment of the decedent was a Rhode Island employment; the decedent's services for the Rhode Island corporations were performed principally in Rhode Island. While the decedent was a resident of New York State, he obviously was not engaged in the performance of any service in New York State for the Rhode Island corporations at the time of the accident; the accident did not occur in New York State. Under these circumstances, there was no basis for New York State's asserting jurisdiction over the compensation claim against the Rhode Island corporations (2 Larson on Workmen's Compensation Law, § 87.00).

The appellant's second contention, that it should be held liable only for a fractional share of the award, even if the other employers of the decedent were not subject to the New York Workmen's Compensation Law, has no basis in reason or authority. An employee who is injured while simultaneously engaged in the service of two employers may '' look to the one or to the other or to both for compensation for injuries due to occupational hazards '' (*Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273, 276; *Matter of Dennison* v. *Peckham Road Corp.*, 295 N. Y. 457). The amount of the award against the employer who is brought before the board may not be cut down merely because the claimant had been simultaneously engaged in the service of other employers as well. Even if the other employers were subject to the New York Workmen's Compensation Law

and were properly brought in the proceeding, it would still rest in the discretion of the board whether to make a joint award against all the employers or to make an award against one or more of them (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480). Furthermore, even if there were a joint award against all the employers, the award could be collected from any one of them, subject to a possible right on the part of the one paying the award to obtain contribution from the others (*Matter of Yurcak* v. *Chicago Express*, 283 App. Div. 1128). A fortiori, the claimant is entitled to recover in full in this case from the only employer who was subject to the jurisdiction of the New York Workmen's Compensation Board.

The appellant's third contention rests upon the fact that an award has actually been made in Rhode Island against the other employers and has presumably been paid by them. Upon this ground, the appellant asks that the New York award be reduced or that payment under the New York award be suspended until the Rhode Island award is exhausted.

With respect to this contention, it should be noted that the New York award was initially made before the Rhode Island award and therefore, if one award is to be credited against the other, it is the New York award which should be credited against the Rhode Island one. But, as we have seen, this contention was advanced in Rhode Island and was rejected by the Rhode Island courts.

It may possibly be argued that, in view of the fact that the Rhode Island award became final before the New York award, by reason of its affirmance by the Rhode Island courts, the Rhode Island award should be treated as having been made first. Even upon this assumption, we do not believe that the appellant is entitled to have the Rhode Island award credited against the New York award, under the circumstances of this case.

It is true that the aggregate of the Rhode Island and the New York awards exceeds the maximum award which could have been obtained under the law of New York, if all of the employers of the decedent had been located in this State and an award had been made against all of them here. The total awards in New York State could not exceed the amount specified in sections 15 and 16 of the Workmen's Compensation Law, prescribing the maximum amounts of compensation awards. But these statutory provisions relate only to awards made under the New York statute. They do not relate to awards made against other employers under the laws of other States (cf. Workmen's Compensation Law, § 30). There is no provision

in the New York statute which bars the making of a full maximum award in this State against an employer here, because of the fact that an award has been made elsewhere for the same accident against other concurrent employers.

It is also true that, if the decedent had been employed by a single employer located in New York State and had been injured in another State, an award made in either State would have had to be credited against any award which might be made in the other State (*Industrial Comm.* v. *McCartin,* 330 U. S. 622; Restatement, Conflict of Laws, § 403; see, also, the amended section in Restatement [1948 Supp.]). In the case supposed, there would only be a single compensation claim against a single employer and, under settled principles, the employer could be held liable only for the highest amount allowable in any State upon the claim. A recovery in one jurisdiction would therefore have to be credited against the claim asserted in any other jurisdiction.

Here, however, we have an exceptional case in which the decedent was engaged at the time of the accident in the service of separate employers located in different jurisdictions. A separate compensation claim arose against each of the employers and a separate recovery could be had in each jurisdiction, based upon the decedent's earnings in that jurisdiction.

The recovery of maximum compensation in each State might be regarded as a double recovery of compensation in the sense that, as pointed out above, if all the employers had been located in New York State, the total awards could not exceed the maximum specified in the New York statute. But it is not a double recovery in the true sense, since the award in each State is based solely upon the earnings of the employee in that State.

The decedent's earnings in the New York employment were so great that they entitled his dependents to the maximum death benefits under the New York statute, without taking into account the decedent's earnings in the Rhode Island employments. Similarly, the decedent's earnings in the Rhode Island employments were sufficient to warrant a maximum award under the law of that State, without taking into account the decedent's earnings in his New York employment. A different situation would be presented if the claimant had sought a recovery in each State, in an amount which was computed upon the basis of the total earnings of the decedent in his employments in both States, but no such problem is presented here.

In *Matter of Friedrich* v. *Hirsch & Sons* (257 App. Div. 878) this court upheld a New York award against a New York employer, based upon the claimant's earnings in that employment, notwithstanding a prior compromise payment of compensation in Texas by other employers in whose service the claimant had been simultaneously engaged at the time of his injury.

In the only decision outside New York State dealing with the precise problem here presented, apart from the decision of the Rhode Island courts in this very case, the court held that a full maximum award should be allowed, notwithstanding a prior award in another State (*Shelby Mfg. Co.* v. *Harris,* 112 Ind. App. 627; see, also, 2 Larson on Workmen's Compensation Law, § 85.70).

The case of *Matter of Bach* v. *Hampden Sales Assn.* (266 App. Div. 645, affd. on employer's appeal, 293 N. Y. 847; subsequent appeal as to a further award, 271 App. Div. 1036), is not in conflict with the conclusion here reached. In that case, the claimant was a demonstrator in the general employ of the Hampden company, a New York company. She had been assigned to a Woolworth store in New Jersey. The Woolworth company paid the salary which it customarily paid to its personnel and the Hampden company paid the difference between that salary and the salary usually paid to its demonstrators. The demonstration was carried on in the store for the purpose of promoting the sale of the Hampden company's products. The two companies were thus engaged in a joint enterprise for their mutual benefit; in effect, there was a single employment of the claimant by the two companies acting together. In that situation, the two companies were properly treated as a single employing entity. An award for injuries suffered by the claimant while at the Woolworth store was first made in New Jersey against the Woolworth company, presumably based upon the salary paid by it. A subsequent award was made in New York State against the Hampden company, based upon the total earnings of the claimant, received by her from both companies. The court properly required the New Jersey award to be credited against the New York award.

In the case before us, each of the employing corporations separately employed the decedent to render services for its own benefit. And, as has been noted, the award in each State was based solely upon the earnings of the decedent in the employment which was subject to the jurisdiction of the State making the award.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON, IMRIE and ZELLER, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.   [See *post*, p. 1122.]