529 So.2d 1172 (1988)
QUALITY PAINTING, INC., and Hill, Richards & Companies, Inc., Appellants,
v.
Margie HARRISON, Appellee.
No. 87-736.
District Court of Appeal of Florida, First District.
July 8, 1988.
Rehearing Denied September 14, 1988.
*1173 David A. Danielson, West Palm Beach, for appellants.
Edward H. Hurt, Sr. of Hurt & Parrish, and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
WENTWORTH, Judge.
Employer/servicing agent appeal, and claimant cross-appeals, a workers' compensation order by which claimant's average weekly wage was determined. We find that the deputy erred by including potential future earnings in the average weekly wage computation, and we reverse the order appealed in this regard.
Claimant was injured on her first day of work for the employer. This was to be a period of trial employment as a painter, which claimant expected to last for three days. Claimant also continued to work for another employer as a cashier, and had held this full-time employment during the 13 weeks immediately preceding her industrial injury. Every year in the late fall and early winter claimant experienced a seasonal layoff from her cashier employment and during these layoffs she would obtain other employment. It was anticipated that if her three day trial as a painter were satisfactory she would work in this employment during her next layoff.
In determining claimant's average weekly wage the deputy included anticipated earnings for three days trial employment as a painter, as well as claimant's earnings as a cashier during the 13 weeks immediately preceding the industrial injury. Both parties disagree with this methodology. We find that claimant's average weekly wage properly includes her earnings for the one day which she actually worked as a painter, but should not include any anticipated future earnings. Since claimant had been employed for 13 weeks as a cashier her average weekly wage should be established pursuant to section 440.14(1)(a), Florida Statutes, by utilizing the combined wages actually earned in both employments during the 13 weeks immediately preceding the industrial injury. American Uniform & Rental Service v. Trainer, 262 So.2d 193 (Fla. 1972); see also, Watson v. Merrill-Stephens Dry Dock & Repair Co., 1 FCR 355 (1956).
While section 440.14(1)(a) refers to the employment in which the claimant is working at the time of the injury, American Uniform & Rental Service v. Trainer, supra, indicates that in cases of dissimilar concurrent employment section 440.14(1)(a) will apply, and the combined wages approach should be utilized, if the claimant has worked for the requisite 13 weeks in one of the employments. Newell v. Seaboard Contractors, 473 So.2d 787 (Fla. 1st DCA 1985), which mandates a different approach when section 440.14(1)(a) is inapplicable, does not impact the present case since claimant maintained concurrent employment and had worked as a cashier for the 13 weeks immediately preceding her injury. Claimant's average weekly wage should therefore include her earnings as a cashier, and her earnings for the one day of employment as a painter, but not any anticipated future earnings.
In addition to her salary claimant also received fringe benefits in her employment as a cashier. In accordance with section 440.14(3), Florida Statutes, the deputy reduced claimant's average weekly wage for that period of her disability during which she continues to receive the fringe benefits. Employer/servicing agent contend that a reduction should also be made when the fringe benefits cease during claimant's seasonal layoff. However, section 440.14(3) contains no limitation in this regard and claimant has not elected to be treated as a seasonal worker pursuant to section 440.14(1)(c), Florida Statutes. In the circumstances presented claimant's average *1174 weekly wage is properly determined based upon her earnings during the 13 weeks immediately preceding the injury, and section 440.14, Florida Statutes, provides no basis to discount fringe benefits for a seasonal suspension outside of this period.
The order appealed is reversed as to the inclusion of two days of anticipated future earnings in the average weekly wage determination. The order is otherwise affirmed and the cause remanded.
ZEHMER and BARFIELD, JJ., concur.