Nancy LeFORT, Appellant–Petitioner,

v.

MILLER'S MERRY MANOR, INC.,
Appellee–Respondent.

No. 93A02–9012–EX–732.

Court of Appeals of Indiana,
First District.

June 12, 1991.

Michael E. Armey, Rasor, Harris, Lemon & Reed, Warsaw, for appellant-petitioner.

Richard W. Guthrie, Stewart & Irwin, Indianapolis, for appellee-respondent.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Nancy LeFort appeals the award by the Worker's Compensation Board ("Board") to her for a temporary work-related disability. We affirm.

## ISSUE

The sole issue on appeal is whether "average weekly wages", as defined in IND. CODE § 22–3–6–1(d)(1), includes wages lost from concurrent employment by unrelated employers.

## FACTS

On August 18, 1984, LeFort suffered a work-related injury while working part-time as a nurse's aide for Miller's Merry Manor ("MMM"). At the time of her injury, LeFort was working three separate jobs. Besides working as a nurse's aide, she also worked as a production worker at Da–Lite Screen Company and as a shoe salesperson at B & B Shoes. LeFort's injury prevented her from returning to work at any of the three jobs until May 13, 1989.

LeFort filed a worker's compensation claim on August 7, 1985. A hearing officer entered a decision awarding LeFort temporary total disability benefits of $166 per week. To calculate the award, the hearing officer found all three jobs were "in the same grade (i.e. unskilled)" and included all of LeFort's wages in the calculation of her average weekly wage. MMM sought review by the Board. The Board reversed the hearing officer's decision and reduced LeFort's award to $50 per week. The Board found that the average weekly wage should include only her wages from MMM. LeFort filed this appeal.

## DISCUSSION AND DECISION

LeFort contends that I.C. § 22–3–6–1(d)(1) includes wages lost from concurrent employment and that the Board's decision is contrary to law and frustrates the purposes of the Worker's Compensation Act. Judicial review of administrative decisions is very limited. The discretionary decisions of administrative bodies will not be reversed unless the decision was arbitrary and capricious, or an abuse of discretion, or otherwise not in accordance with the law. *City of Greenwood v. Dowler* (1986), Ind.App., 492 N.E.2d 1081, 1084.

I.C. § 22–3–6–1(d)(1) defines "average weekly wage" as "the earnings of the injured employee in the employment in which the employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of injury, divided by fifty-two (52) ...." Indiana follows the majority rule that compensation includes the total earnings from concurrent employments if the employments are similar. Larson, *Law of Workmen's Compensation*, § 60.31(a) (1989). The last Indiana case in which this issue arose was decided in 1948 in *Sprout & Davis, Inc. v. Toren*, 118 Ind.App. 384, 78 N.E.2d 437, *trans. denied.* Toren, an electric welder employed full-time by Kellogg Construction Co., was hired by Sprout & Davis to repair tanks from time to time. The court held that "where an employee is working at the same time in the same grade or kind of work for different employers under separate and distinct concurrent contracts of hire his total earnings from all of such employers is to be considered in determining his average weekly wages." *Id.* at 391, 78 N.E.2d at 440 (citing *In re Howard* (1919), 71 Ind.App. 557, 125 N.E. 215; *Shelby Manufacturing Co. v. Harris* (1942), 112 Ind.App. 627, 44 N.E.2d 315.) The *Toren* court remanded to the Board because it failed to include wages from similar concurrent employment to compute his compensation. The other two Indiana cases, *Howard* and *Harris*, also allowed wages from similar concurrent employment to compute compensation. All three Indiana cases have the requirement that employment be similar before all of the

wages can be combined to compute compensation.

LeFort interprets "in the same grade of work" to mean all "unskilled" positions. Conversely, MMM argues that the "kind of work" is dissimilar. MMM alleges that positions as a shoe clerk, a production worker, and a nurse's aide are not similar types of employment. Analysis of the Indiana cases supports MMM's interpretation. In the *Howard* case, the employee was a janitor for three different employers. The court reasoned:

"... average weekly wages ... was not intended to apply to recurrent periods of brief service at regular intervals, in cases where the entire time of the workmen is devoted to like employment for other employers in the same general kind of business ... the import of the act is to base the remuneration to be paid upon the normal return received by workmen for the grade of work in which the particular workmen may be classified.... The loss of his capacity to earn, as demonstrated by his conduct in such regular employment, is the basis upon which his compensation should be based."

*Id.* at 562, 125 N.E. at 216 (quoting *Gillen's Case* (1913), 215 Mass. 96, 102 N.E. 346).

Likewise, the *Harris* court implicitly found the jobs were similar types of employment by allowing Harris to collect compensation based upon the wages from both of the employers. *Harris*, 112 Ind.App. at 636, 44 N.E.2d at 319. In *Harris*, the employee was a travelling salesman for one company and sold merchandise on a commission basis for a manufacturer. *Id.* at 630, 44 N.E.2d at 317. Here, the Board essentially held that the types of employment were dissimilar. Therefore, the Board reduced the award to the amount lost from employment as a nurse's aide. The three Indiana cases support the Board's determination.

Furthermore, even if the grade of work refers to all unskilled positions as LeFort contends, we agree with MMM's argument that a nurse's aide is not an unskilled position. A nurse's aide position requires specific training unlike the unskilled positions as a shoe store clerk and production worker. Therefore LeFort's employments are not of the same grade and she cannot receive compensation based upon wages for all three positions.

Although Indiana adheres to the majority rule of inclusion of earnings from concurrent employments only if the employments are similar, we note the substantial and growing minority rule. The minority rule allows earnings to be combined to compute compensation whether or not the employments are similar. Larson, *Law of Workmen's Compensation* § 60.31(a). The courts which have adopted the minority rule have done so by means of a statutory "catch-all" provision, which allows a method of computation of average weekly wages to approximate the amount the injured employee would earn if no injury occurred. *See Jefferson County Pub. Schools v. Dragoo* (1988), Colo.App., 765 P.2d 636, *cert. denied; Quality Painting, Inc. v. Harrison* (Fla.Dist.Ct.App.1988), 529 So.2d 1172; *Justiz v. Walgreen's* (1987), 106 N.M. 346, 742 P.2d 1051. *Boles v. UNA Water Dist.* (1987), 291 S.C. 282, 353 S.E.2d 286; Such provision is to be utilized if the other statutory methods of computation would be unfair. The minority rule is aligned with the purpose of workmen's compensation acts to compensate for the total loss of earnings due to a work-connected injury. The Florida Supreme Court, which abandoned the similar-employment requirement, stated, "If the injury occurring on the part-time job has disabled the employee from working at his full-time job, his capacity as a wage earner is impaired beyond the limits of his part-time job and his compensation should be based on the combined wages." *American Uniform & Rental Serv. v. Trainer* (Fla.1972), 262 So.2d 193, 194. Although we agree with the reasoning of the minority rule, we must adhere to the plain language in our statute which does not contain the "catch-all" provision and fails to contemplate such unjust results. *See also Acklie v. Carrier* (1990), Tenn., 785 S.W.2d 355, 358–59 (aver-

age weekly wage definition, which is the same as Indiana's definition, did not allow wages from concurrent employments to be combined to compute compensation). We regret that our decision results in an employee who only can receive benefits far below her pre-injury earnings because she was injured during her part-time position which was not similar to her other employment. However, any changes in the law must be made by the legislature.

Affirmed.

ROBERTSON and STATON, JJ., concur.