In the Matter of SONIA RODRIGUEZ, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 267]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 25, 2008, which ruled that the self-insured employer is entitled to a credit against workers' compensation benefits paid in New Jersey for the period of September 11, 2001 to June 1, 2007 and denied claimant's claim for an award for that period.

Decedent, a police officer employed by the Port Authority of New York and New Jersey, died in the September 11, 2001 terrorist attacks on the World Trade Center. Thereafter, Walter McNeil, Jr., who was the minor son of claimant and decedent, elected to receive workers' compensation death benefits in New Jersey at the New Jersey rate, payable to claimant as McNeil's parent. In 2006, claimant sought death benefits in New York on her own behalf. Claimant was adjudicated decedent's domestic partner (*see* Workers' Compensation Law § 4) in 2007 and was awarded workers' compensation death benefits in New York

commencing June 1, 2007—the day that, as found by the Workers' Compensation Law Judge (hereinafter WCLJ), McNeil's New Jersey death benefit payments ceased. As for the period between September 11, 2001 and June 1, 2007, however, the WCLJ determined that the employer was due a credit in the amount of the New Jersey award paid to claimant on McNeil's behalf and, therefore, she was not entitled to an additional death benefit award for that period. The Workers' Compensation Board affirmed the WCLJ's decision and this appeal ensued.

We are unpersuaded by claimant's contention that the Board erred in permitting the employer to take a credit for the death benefit award paid in New Jersey. Although a domestic partner of an employee who died in the September 11, 2001 terrorist attacks is deemed a surviving spouse of such employee for the purpose of any death benefits (see Workers' Compensation Law § 4 [2], [3]), here, claimant received the New Jersey award payments on behalf of her son, who was the only claimed surviving beneficiary. Therefore, allowing claimant to collect death benefits in New York without entitling the employer to a credit against the New Jersey award payments would, under these circumstances, amount to an impermissible double recovery by decedent's surviving beneficiaries (see Matter of Gehring v Gehring Laces, 286 App Div 382, 387 [1955]) and require the employer to pay in excess of its statutory maximum obligation of two thirds of decedent's average weekly wage for the same incident (see Workers' Compensation Law § 16 [2-a]).

Turning to the date upon which claimant's award of death benefits commenced, the record does not support the Board's finding that the New Jersey award payments ended on June 1, 2007. Rather, the evidence submitted to the Board establishes, and the employer concedes, that those payments ended on February 17, 2007 and, therefore, claimant should be entitled to an award of death benefits commencing on that date.

We have reviewed claimant's remaining contentions and, under the circumstances herein, find them to be unpersuasive.

Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found that the date of the employer's liability in this claim commenced June 1, 2007; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.